IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kenneth M. Smith and Deborah J. Smith | ) | Civil Action No. 3:11-cv-2728-CMC |
| Plaintiffs, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | ON MOTION FOR |
| | ) | PARTIAL |
| Reynolds Transport Co., Jeff A. Fuhrman, and | ) | SUMMARY JUDGMENT |
| Leslie D. Arthur | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Through this action, Plaintiffs Kenneth M. Smith ("Mr. Smith") and Deborah J. Smith ("Mrs. Smith") (collectively "the Smiths") seek recovery for damages flowing from a motorcycle accident involving Mr. Smith and Defendants Jeff A. Fuhrman and Leslie D. Arthur, two truck drivers employed by Defendant Reynolds Transport Co. ("Reynolds"). The accident occurred on August 24, 2010, in South Carolina.

This matter is before the court on Defendants' motion for summary judgment on two of Plaintiffs' claims: promissory estoppel and conversion. These claims relate to an alleged conversation between Mrs. Smith and a representative of Reynolds' insurance carrier, Old Republic. Plaintiffs allege that two days after the accident, Kimberly Derman, a representative of Old Republic, contacted Mrs. Smith and offered to pay for Mr. Smith's motorcycle and hospital bills. Ms. Derman allegedly directed Mrs. Smith to remove the license tags from the motorcycle and that an appraiser would contact the Smiths with the price for the motorcycle. Plaintiffs went to the towing company that had towed the motorcycle from the accident, retrieved the tags, and returned the tags to the Department of Motor Vehicles.

A few days later, Mrs. Smith contacted Old Republic to request $1000 for a deposit for Mr. Smith's surgery. According to Plaintiffs, Old Republic stated that it would not be paying any claims. At that time, Mrs. Smith asked where the motorcycle was located, and Ms. Derman's supervisor allegedly said, "Go find it yourself. We are not paying your claim." Mrs. Smith returned to the towing company and learned that the motorcycle had been towed to a salvage company, Barnetts' Salvage. She called Barnetts' Salvage and told them not to sell any parts until she could learn about the status of her claims and the motorcycle. She then contacted her insurer, which made arrangements to pick up the motorcycle. Plaintiffs allege that their insurance premiums were increased after Mrs. Smith contacted their insurer.

## STANDARD

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

(1)    A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

2

> (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or
>
> (b)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## DISCUSSION

**Promissory Estoppel.** As to Plaintiffs' promissory estoppel claim, Defendants argue that the court should grant summary judgment in Defendants' favor because Plaintiffs cannot establish detrimental reliance. Plaintiffs respond and cite without specific reference to five pages of Mrs. Smith's deposition to establish detrimental reliance.

To establish a claim for promissory estoppel, Plaintiffs must establish (1) an unambiguous promise; (2) reasonable reliance on the promise by the party to whom the promise is made; (3) reliance is expected and foreseeable by the party who makes the promise; and (4) the party to whom the promise is made must sustain injury in reliance on the promise. *Powers Construction Co. V. Salem Carpets, Inc.*, 283 S.C. 302, 322 S.E.2d 30 (Ct. App. 1984). First, the court notes that the evidence shows that the alleged promise was made by a representative of Old Republic, not any of the Defendants.

Second, none of the five deposition pages cited by Plaintiffs establishes that Plaintiffs detrimentally relied on any alleged promise to pay Mr. Smith's claims. In fact, Mrs. Smith's deposition, the only evidence cited by Plaintiffs, supports the lack of detrimental reliance. Mrs. Smith stated that, in response to the alleged offer to pay Mr. Smith's claims, she "didn't change anything." In response to counsel's question as to whether she changed anything she did "based on what Ms. Durham (*sic*) had told you," Mrs. Smith said no. Nothing in the cited deposition suggests any reliance on Ms. Derman's alleged representation that Old Republic would pay Mrs. Smith's claims. The court, therefore, grants Defendants' motion for summary judgment as to Plaintiffs' claim for promissory estoppel.

**Conversion.** Defendants argue that Plaintiffs cannot establish conversion because their insurer, after negotiating with Reynold's insurance carrier, paid for the property damage to the motorcycle. Plaintiffs respond that the following establishes a claim for conversion:

> The motorcycle was the sole property of plaintiff Ken Smith. Reynolds assumed control of the property, told Mrs. Smith it would pay for the motorcycle, and directed a salvage company to pick it up and sell it for parts. See Exhibit to Affidavit of Mrs. Smith. The motorcycle was transported to Barnetts' Salvage in Sumter. Subsequently, the agent of Reynolds told them they would not be paying for the motorcycle or the Salvage. After Reynolds changed its mind, it refused to tell Mrs. Smith where it was, telling her "Go find it."

> Subsequently, Mr. and Mrs. Smith notified their insurance company and had to make arrangements for the recovery of the motorcycle and payment of the salvage. As a result they did suffer damages and the requirement of detrimental reliance has been met. Summary judgment on the cause of action for Conversion should be denied.

Dkt. No. 52 at 5.

Conversion is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the exclusion of the owner's rights." *Owens v.*

4

*Andrews Bank & Trust Co.*, 265 S.C. 490, 496, 220 S.E.2d 116, 119 (1975). "Conversion may arise by some illegal use or misuse, or by illegal detention of another's chattel." *Id.* Defendants appear to be arguing that Plaintiffs did not suffer any damages as from the alleged conversion because Plaintiffs were compensated by their insurer for the property damage to the motorcycle. "Even when no actual loss has occurred, a party can be liable for at least nominal damages if a technical conversion is shown." *Save Charleston Foundation v. Murray*, 286 S.C. 170, 178, 333 S.E.2d 60, 65 (Ct. App. 1985). The court finds that Plaintiffs' claim for conversion does not fail because Plaintiffs' insurer paid for property damage to the motorcycle.

However, Plaintiffs' claim for conversion fails because Plaintiffs have not presented any evidence that any of the Defendants assumed or exercised the right of ownership over the motorcycle. Although Plaintiffs allege that "an agent of Reynolds" directed the transfer of the motorcycle from the towing company to Barnetts' Salvage, and subsequently refused to tell Mrs. Smith where the motorcycle was located, Mrs. Smith testified that it was a representative of Old Republic that directed the transfer and refused to tell her where the motorcycle was. In fact, Mrs. Smith stated during her deposition that she has never spoken with anyone at Reynolds Transport but that she spoke with their insurance company, Old Republic. Dkt. No. 50-2 at 2. Old Republic is not a defendant and Plaintiffs have presented no evidence that any of Defendants converted the Smiths' motorcycle. Plaintiffs' claim for conversion, therefore, fails.

## CONCLUSION

For the reasons set forth above, Defendants' motion for partial summary judgment as to promissory estoppel and conversion is granted.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 15, 2012

6