IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kenneth M. Smith and Deborah J. Smith ) | |
| ) | Civil Action No. 3:11-cv-2728-CMC |
| Plaintiffs, ) | |
| ) | OPINION AND ORDER |
| v. ) | DENYING MOTION TO |
| ) | SUBSTITUTE EXPERT |
| Reynolds Transport Co., Jeff A. Fuhrman, ) | |
| and Leslie D. Arthur ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiffs' motion to substitute an expert or amend the scheduling order to allow late identification of an expert witness. Dkt. No. 64. In particular, Plaintiffs seek to substitute Gisele Girault, M.D. ("Dr. Girault"), for Tony Owens, M.D. ("Dr. Owens"), both of whom have treated Plaintiff Kenneth M. Smith for pain management. *Id.* Plaintiffs' alternative request is, presumably, intended for the same purpose, although Plaintiff does not propose that the extension be so limited. For reasons set forth below, this motion is denied.

**BACKGROUND**

The deadline for Plaintiffs to make expert witness disclosures was extended twice, ultimately expiring on May 2, 2012. *See* Dkt. No. 21 (first amended scheduling order, setting deadline of April 2, 2012); Dkt. No. 36 (Text Order granting extension of expert disclosure deadlines to May 2, 2012).[1] On May 2, 2012, Plaintiffs identified several experts including Dr. Owens (misspelled "Owings").

---

[1] Despite two subsequent extensions of the scheduling order, this deadline was never extended. *See* Dkt. No. 41 (second amended scheduling order entered June 18, 2012, extending discovery deadline to August 24, 2012); Dkt. No. 58 (third amended scheduling order entered November 5, 2012, extending post-discovery deadlines).

Dkt. No. 37. In addition to identifying information, Plaintiffs made the following limited disclosures (based on Dr. Owens' status as an expert not specially retained for trial):

> i. The subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705:
>
> Dr. Owings is a treating physician for Kenneth M. Smith.
>
> Dr. Owings is expected to testify as to his examination, medical care and services rendered to Kenneth M. Smith. Dr. Owings is expected to testify as to the medical expenses and costs incurred by Mr. Smith at S.C. Pain Associates. Dr. Owings is expected to testify [as] to Mr. Smith's pain and suffering, and as to Mr. Smith's permanent disability and disfigurements resulting from the accident that occurred on August 24, 2010.
>
> ii. A summary of the facts and opinions to which the witness is expected to testify:
>
> Dr. Owings is expected to testify as to the facts and opinions as set forth in the medical records and bills of Kenneth M. Smith and as to future medical expenses and costs necessary to assist in pain management for Kenneth M. Smith.

*Id.* at 2-3.

Defendants began seeking Dr. Owens' deposition shortly after this disclosure was filed. Dkt. No. 68-1 (May 16, 2012 letter, copied to Plaintiffs' attorney, seeking dates for a deposition). On May 25, 2012, Dr. Owens advised counsel as follows: "I . . . do not feel that I have sufficient information to give a deposition regarding [Mr. Smith.]" Dkt. No. 68-2. Dr. Owens explained that he had only seen the patient during one office visit. *Id.*

Counsel communicated with each other through July and into August 2012 regarding various discovery issues including whether Dr. Owens would be deposed or withdrawn. Dkt. No. 68-3. On August 9, 2012, Plaintiffs' attorney advised defense counsel that she would "withdraw Owens" but "may substitute the new pain management guy." Dkt. No. 68-3 at 5. Plaintiffs' attorney also indicated an intent to move to amend the scheduling order. *Id.*

No substitution or extension was, however, sought at that time. Instead, the matter proceeded through the discovery and dispositive motion deadlines (August 24, 2012, and September 10, 2012, respectively). On November 2, 2012, the parties sought a further extension of the deadlines for mediation, final pre-trial disclosures, and other trial-related deadlines. This request was based on the parties' inability to convene mediation until November 9, 2012. Dkt. No. 57. The court extended the final pretrial deadlines as requested, including by setting a November 30, 2012 deadline for Fed. R. Civ. P. 26(a)(3) disclosures.

That deadline (and another four weeks) passed before Plaintiffs filed their present motion on December 28, 2012. As noted above, the motion seeks to substitute Dr. Girault for Dr. Owens. It explains that Dr. Owens last treated Mr. Smith on June 27, 2012, and Dr. Girault first saw Mr. Smith on December 14, 2012. Dkt. No. 64 at 2. They do not offer any further explanation for the delay in seeking substitution or an extension of the relevant deadlines.

In their response, Defendants note that Plaintiffs were on notice of the concerns with Dr. Owens inability or unwillingness to testify no later than May 25, 2012, and withdrew him on August 9, 2012. Dkt. No. 68. Defendants argue that allowing Plaintiffs to name a new expert at this late date, for reasons known since at least August, would be unjustified and unduly prejudicial as the matter is now in the final stages of pretrial preparation.

On reply, Plaintiffs argue there is no prejudice because Defendants may still depose the new expert and "should [have] time to identify and have Mr. Smith examined by their [own] expert, if they wish." Dkt. No. 74 at 1. They also suggest that Mr. Smith acted reasonably because he went

to Dr. Girault "as soon as Mr. Smith could set an appointment" and has been under Dr. Girault's "care with regard to pain management ever since." Dkt. No. 74 at 1.[2]

Plaintiffs do not offer any explanation for why Mr. Smith could not have obtained an earlier appointment with Girault (or some other pain management specialist). Neither do they explain their failure to seek an extension of the relevant deadlines when they first learned of possible problems with Dr. Owens' willingness or ability to give expert testimony, or at least when they filed their most recent motion to extend pretrial deadlines in early November 2012. *See supra* n.1.

## DISCUSSION

Plaintiffs received notice of Dr. Owens' unwillingness or inability to serve as an expert on May 25, 2012. They withdrew him as an expert on August 9, 2012. Instead of seeking an extension of discovery and the deadline for naming a new expert within this time frame, they waited through the close of discovery (August 24, 2012), dispositive motion deadline (September 10, 2012), resolution of a summary judgment motion (October 15, 2012), mediation (November 9, 2012), the deadline for pretrial disclosures (November 30, 2012), and objections to pretrial disclosures (December 14, 2012), before seeking either to substitute another expert for Dr. Owens or to reopen the deadline to obtain such an expert.

Plaintiffs offer no reasonable justification for the delay. At most, the record leaves open the possibility that Mr. Smith was seeking but unable to get an appointment with another pain specialist from his last appointment with Dr. Owens in June 2012 until his first appointment with Dr. Girault in December 2012. Even if this possibility were supported, it would not justify the delay in seeking

---

[2] Given that Dr. Girault first saw Mr. Smith on December 14, 2012, and this motion was filed on January 17, 2013, the treatment "ever since" appears to refer to treatment for a little over one month.

4

an extension of time (from early August to late December 2012). Thus, Plaintiffs have failed to show good cause for their delay in seeking relief.

Plaintiffs' argument that allowing them to substitute Dr. Girault at this stage in the proceedings would not be unfairly prejudicial also fails. Defendants (and the court) have an interest in the orderly progress of a case. The court advances this interest by issuing detailed scheduling orders and requiring the parties to comply with those orders unless they seek an obtain an extension.[3] Enforcement of the deadlines ensures that discovery is completed before dispositive motions must be filed and, unless the parties agree otherwise, before mediation is held, giving maximum effect to both of these stages of the proceeding. Compliance with scheduling order deadlines also ensures that, after the dispositive motion and mediation phases are complete, the matter may proceed through pretrial disclosures, motions in limine (due in this case on January 7, 2013), and to trial without the confusion and distraction caused by further discovery.

Allowing Plaintiffs to reopen discovery at this late date would, therefore, entail significant prejudice both to Defendants and the administration of justice. While a strong justification might support granting relief despite such prejudice, no reasonable justification has been offered in this case.[4]

---

[3] The court frequently grants extensions of unexpired scheduling order deadlines on motion of one or more parties, as it has done repeatedly in this case. In contrast, this court normally will not extend an expired deadline absent consent of the parties or a showing of good cause.

[4] With respect to expert witness substitutions, this court has found good cause for belated substitution where a party promptly informs the court that a previously identified expert cannot serve due to illness, injury, or other unanticipated event. Here, there are no facts suggesting either an unanticipated event (it is not, for example, clear that Dr. Owens *ever* agreed to provide expert testimony) or prompt pursuit of relief.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion to substitute an expert witness or to reopen the deadline for naming and conducting discovery regarding experts is denied.

IT IS SO ORDERED.

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 23, 2013